Faye MINOR, f/k/a Faye Canseco, on behalf of herself and persons similarly situated, Plaintiff,

v.

**LAKEVIEW HOSPITAL, Defendant.**

No. 75–C–358.

United States District Court, E. D. Wisconsin.

July 26, 1977.

James A. Walrath, Milwaukee, Wis., for plaintiff.

David A. Grant, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

This action is before the Court on several motions filed by the defendant on January 21, 1977. Three motions are involved: (1) a motion to dismiss based on estoppel; (2) a motion to dismiss based on laches; and (3) a motion for summary judgment.

Two causes of action are asserted: (1) a claim arising under 42 U.S.C. § 1981 for a discriminatory discharge and (2) a claim for breach of an employment contract. Jurisdiction over the first claim is conferred by 28 U.S.C. § 1343. Jurisdiction over the second is conferred by virtue of the doctrine of pendent jurisdiction.

Simply stated, the plaintiff contends that she was discharged from her employment with the defendant as Chief of the Inhalation Therapy Department because of her race. The defendant contends that she was discharged because of an unexcused absence from work and failure to comply with the defendant's policies concerning absences.

The defendant's first motion is based on estoppel. The contention is made that since the plaintiff was in a supervisory capacity, and as such, knew the policies concerning obtaining a leave of absence, and had discharged other employees for failure to comply with the policies, she is now estopped "from asserting a breach of employment contract based upon these written policies." The Court finds this argument to be without merit.

The contention as to the estoppel assumes that the reason for the discharge was the failure to comply with the written policies. The most that can be asserted against the plaintiff based on the fact that she was a supervisor, is that there are in fact written policies and that failure to comply with the policies may result in a discharge. The plaintiff, however, is not contesting the fact that employees may be discharged for cause or that the cause may be based on the written policies. The plaintiff contends that the reason given for the discharge, i. e., failure to comply with the policies, was a mere pretext. The actual reason, as contended by the plaintiff, was her race.

No adequate grounds for an estoppel has been asserted and the motion in this respect must be denied.

The remaining motion to dismiss is based on laches. The applicability of the equitable defense of laches to this case is questionable. The two claims asserted herein are both actions at law. Even assuming the applicability of the defense, this motion must be denied. The Court has previously considered the arguments advanced by the defendant in this regard and rejected them in ruling on a motion to dismiss pursuant to Rule 41(b). I decline to reconsider them at this time.

The only remaining motion, then is the motion for summary judgment.

The defendant has asserted two grounds for summary judgment: (1) that there was no discriminatory motivation in discharging the plaintiff, and (2) that the undisputed facts show that the discharge was the result of the plaintiff's failure to comply with the defendant's policy.

The burdens imposed upon the parties in an employment discrimination suit were set forth by the Seventh Circuit in *Flowers v. Crouch-Walker Corp.*, 552 F.2d 1277, 1281 (7th Cir. 1977).

> In *McDonnell Douglas* [411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)], the Supreme Court established a specific order and allocation of proof in private non-class actions challenging employment discrimination. If the plaintiff establishes a prima facie case of racial discrimination, the burden must shift to the employer "to articulate some legitimate, nondiscriminatory reason" for his action. [citation omitted] If the employer meets its burden of proof in response to the prima facie case, the plaintiff must be afforded a fair opportunity to show that the employer's stated reason for his action was in fact pretext.

The first ground asserted by the defendant is basically a denial of the complaint and an assertion that the plaintiff is unable to prove a prima facie case of racial discrimination. The thrust of the defendant's argument is that the record shows that the discharge was based on the failure of the plaintiff to comply with the defendant's policies concerning leaves of absence.

At the last conference held in this matter, the Court indicated to the parties that it felt that the plaintiff has the burden of presenting sufficient evidence to show that there is a genuine issue of fact as to the discriminatory motivation in the discharge. The plaintiff was granted an additional 60 days to complete discovery and to file a supplemental response to the defendant's motion.

While, generally, an issue regarding the motivation of a defendant is not susceptible to a motion for summary judgment, such issues may be examined upon a summary judgment motion to determine if the plaintiff is able to present some affirmative evidence regarding the discriminatory motivation of the defendant. The Supreme Court has recognized this utilization of Rule 56 in antitrust cases.

> While we recognize the importance of preserving litigants' rights to a trial on their claims, we are not prepared to extend those rights to the point of requiring that anyone who files an antitrust complaint setting forth a valid cause of action be entitled to a full-dress trial notwithstanding the absence of any significant probative evidence tending to support the complaint. *First National Bank v. Cities Service Co.*, 391 U.S. 253, 289–90, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968).

*See also* 10 Wright & Miller, Federal Practice and Procedure: Civil § 2730 at 592 and cases cited therein. In the absence of evidence presented in opposition to the defendant's motion, which would show that the plaintiff is able to present a prima facie case, the defendant's motion must be granted.

The plaintiff's argument as to the requirements of a prima facie case in a discharge situation is contained on page 2 of her supplemental brief.

> Now that discovery has been obtained by both sides, plaintiff believes that there is ample evidence, both in depositions and

in documents, to support her claim of race discrimination in the decision to terminate her employment. Plaintiff now can produce evidence to support the following propositions: (1) Plaintiff is a member of a minority group; (2) plaintiff was more than qualified for her job assignment; (3) plaintiff satisfied the normal requirements of her work, including compliance with sick leave procedures; (4) plaintiff was discharged; and (5) the effect of the discharge was to reduce and limit the number of minority persons who were employed by the defendant. Because there is ample evidence going to all of these factors, plaintiff is prepared to make a prima facie case of race discrimination.

The plaintiff cites *Flowers v. Crouch-Walker Corp.*, 552 F.2d 1277, 1282 (7th Cir. 1977) as authority.

The *Flowers* case involved an action charging employment discrimination in a discharge situation brought pursuant to 42 U.S.C. § 1981. The Court held that the first four criteria listed in the plaintiff's brief together with the fact that "after his discharge the employer assigned white employees to perform the same work" create an inference of racial discrimination sufficient to meet the plaintiff's burden of presenting a prima facie case. The facts in the instant case show that the employee assigned to perform the same work was also black. All of the criteria listed in *Flowers* are not applicable to the facts of this case.

■ The plaintiff would have this Court rule that a prima facie case can be established by application of the criteria set forth in her brief. Those criteria in the Court's opinion, are insufficient to create an inference of discrimination. The fifth criterion is merely a recitation of the first and fourth. If a member of a minority group is discharged, the number of minority persons employed is reduced. This Court is not prepared to rule that the mere fact of discharge creates an inference of discrimination.

The plaintiff, however, has challenged the hiring and firing practices of the defendant and contends that it shows a pattern of discrimination. If the plaintiff could raise an inference of discrimination in the discharge practices of the defendant, the Court would find that she has met the burden of showing a prima facie case that her discharge was based on racial discrimination. That showing, however, has not been made.

The EEOC determination letter which has been filed in this action contains the only facts which could show a discriminatory pattern. Without deciding whether the letter is admissible for purposes of Rule 56, the Court will consider the facts presented therein.

The letter indicates, as pointed out in the plaintiff's brief, that between September 1, 1971 and June 15, 1973, the period immediately following plaintiff's absence, the defendant hired a total of 195 persons of whom seven, or 3.6 percent were black. Also, during the same time period, the defendant discharged 19 persons of whom three, or 16 percent, were black. The plaintiff was one of the three blacks discharged. Approximately five percent of the defendant's employees during this period were black.

■ Statistical evidence in a proper case can be utilized to show an inference of the existence of a pattern or practice of discrimination. The statistics must, however, be of a nature from which the inference can logically be drawn.

■ In this case, three blacks were discharged over a period of 22 months, opposed to 16 whites discharged during the same period. Placed in terms of percentages, 16 percent of those discharged were taken out of five percent of the total number of employees. While the percentage statistics may appear disproportionate, they must be viewed in terms of the actual number of persons discharged. If only one person during the period had been discharged and that person had been the plaintiff, 100 percent of those discharged would have been taken out of five percent of the total number of employees. To hold that this

would create an inference of discrimination would do nothing less than place the burden on employers to show that, when a member of a minority group is discharged, that it was not due to racial discrimination.

At some point, the statistical evidence, viewed both in terms of percentages and in actual numbers of discharges becomes insufficient to create the inference. The Court is of the opinion that the statistical evidence presented in this case has passed that point and is insufficient to create a logical inference that the discharges were based on racial discrimination.

For the reasons stated above, the defendant's motion for summary judgment as to the claim asserted under 42 U.S.C. § 1981 is GRANTED.

The remaining claim is one based on a breach of an employment contract. The plaintiff has not detailed her claim in this regard. In her supplemental brief in opposition to the motion for summary judgment, the plaintiff indicates that the brief is in response to a motion filed as to both claims. The only issue discussed, however, is the claim of racial discrimination. Since the employment contract under which the plaintiff was operating was one essentially at will, the plaintiff's claim appears then to allege a breach of the contract based on a theory that an employer cannot discharge an employee arbitrarily. *See* 62 A.L.R.3d 271.

This being the case, the plaintiff on the remaining claim must show the discriminatory nature of the discharge. The Court has found a failure on the plaintiff's part in this regard. The defendant's motion as to this claim must also be granted.

For the reasons stated above, the defendant's motion for summary judgment is GRANTED. This action is dismissed. The defendants are to recover costs.

SO ORDERED this 26th day of July, 1977, at Milwaukee, Wisconsin.