Joseph ORTIZ, Plaintiff,

v.

**CIBA–GEIGY CORPORATION, Defendant.**

**No. 78 C 3029.**

United States District Court, N. D. Illinois, E. D.

Sept. 12, 1980.

Virginia Martinez, Chicago, Ill., for plaintiff.

Nina Stillman, Bruce Alper, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Plaintiff Joseph Ortiz ("Ortiz") has charged defendant Ciba–Geigy ("Corporation") in this Title VII action with unlawful discrimination by discharging Ortiz (a twenty–five year employee) on the basis of his Mexican–American national origin. Corporation has moved for summary judgment, and the parties have submitted cross–affidavits as well as the Ortiz deposition taken by Corporation. For the reasons stated in this memorandum opinion and order, Corporation's motion is granted.

Summary judgment principles need neither extended discussion nor citation. Fed.R.Civ.P. 56(c) precludes summary judgment unless "there is no genuine issue as to any material fact." It is not the function of this Court to assess credibility or to weigh the evidence. It is not a fact–finder. *Any* dispute regarding a material fact is enough to require the case to be tried rather than disposed of on motion.

Factual disputes unquestionably exist here. Major aspects of Corporation's version of the events that caused Ortiz' termination are controverted. Corporation cannot of course contest the existence of such disputes (though at one point in its Reply Memorandum it makes an argument impermissible in the summary judgment context[1]), but it claims the disputes do not involve *material* facts.

Given the nature of summary judgment doctrines, Corporation is caught in something of a Catch–22 situation. Under those doctrines, all the evidence must be taken in the light most favorable to Ortiz as the party opposing summary judgment, and Ortiz is given the benefit of reasonable inferences from that most favorable evidence as well. When that is done in this case, one consequence is that Corporation's extensive and carefully prepared submissions setting forth its version of the facts, and its reasons for discharge (Ortiz' claimed theft of Corporation's property, coupled with his deficient job performance in the two years preceding discharge), would themselves appear to have been fabricated.[2] In turn, the existence of such presumed fabrication would tend to support the inference that the real reason for terminating Ortiz could have been an impermissible one based on his national origin, which would violate Title VII. Thus Ortiz would have met and discharged his burden under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–5, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973), of proving that Corporation's asserted reasons for discharge were pretextual. It would then seem to follow that summary judgment for Corporation would be clearly improper.

But under *McDonnell Douglas*, Title VII cases reach that question (whether the employer's stated reason was a pretext for discrimination) only at the third level of analysis. Before that can become an issue, plaintiff Ortiz has the *initial* burden of establishing a prima facie case of discrimination. And there is no way, even in the favorable climate mandated by the law of summary judgment, that Ortiz can be found to have done so in this case.

All that the record before the Court reflects in that respect is that Ortiz is a Mexican–American and that he was discharged. There is not a shred of evidence

---

Gomez [another employee]." That is of course not an accurate statement of the law.

2. It should be emphasized that this Court is not making any such finding.

offered by Ortiz, or contained elsewhere in the record,[3] to establish the causal nexus between those two facts that is necessary to invoke Title VII. There is only a single paragraph in the affidavit of one Ciba–Geigy fellow–employee, Alejandro Aguilar:

> Prior to Mr. Ortiz' dismissal, I heard another employee, Robert Spriggs, call Mr. Ortiz a "dirty Mexican." This was done in the presence of Mr. Galvanic [Ortiz was the assistant warehouse supervisor and Galvanic was the warehouse supervisor], but no disciplinary action was taken.

That occurrence is wholly unidentified as to when it happened (Aguilar's and Ortiz' employment in Corporation's warehouse overlapped by over eleven years), and there is nothing to connect the event with any claimed bias on the part of *Corporation*[4] (indeed, on the facts before the Court Galvanic was not even involved in the decision to terminate Ortiz).

 *Minor v. Lakeview Hospital,* 434 F.Supp. 633, 635 (E.D.Wis.1977), *aff'd* 582 F.2d 1284 (7th Cir. 1978), confirms that a Title VII plaintiff must make a prima facie showing of discriminatory firing in order to withstand a motion for summary judgment.[5] Even applying the stringent summary judgment standards as to how evidence is viewed, the Court holds that as to the threshold requirement of such prima facie showing there is no genuine issue as to any material fact and Corporation is entitled to judgment as a matter of law.

Accordingly summary judgment is entered for defendant Ciba–Geigy Corporation, and plaintiff Joseph Ortiz' action is dismissed.

---

3. Corporation attached various affidavits to its motion for summary judgment and, as indicated earlier, took Ortiz' deposition, which has been filed with the Court. Ortiz' submitted his own affidavit, that of his son Lawrence (who was admittedly involved in the taking of Corporation products from the warehouse where both Joseph and Lawrence Ortiz were employed) and those of five other Corporation employees. In the main the disputes of fact between the parties' submissions are as to (1) whether the admitted taking of Corporation products constituted theft and (2) the extent of Joseph Ortiz' involvement in the alleged theft.

4. Corporation points out that Samuel Gomez, also Mexican–American, was not discharged although he acknowledged in an affidavit submitted by Ortiz that he had joined Lawrence Ortiz in taking caselot quantities of Corpora-

tion products from the warehouse on the day in question. According to Corporation, Ortiz was discharged because he was a trusted supervisor who knew he lacked authority to permit removal of caselot quantities of products, while Gomez was a rank–and–file employee who thought Ortiz could authorize such conduct. Plaintiff is correct that such difference in treatment tends to negate any discrimination based on national origin, but the controlling fact here is that there is no affirmative evidence of any such discrimination.

5. In *Flowers v. Crouch–Walker Corp.,* 552 F.2d 1277, 1281 (7th Cir. 1977), our Court of Appeals confirmed that reading of *McDonnell Douglas,* though not in a summary judgment context.