Carl R. MENEFEE, Sr., Plaintiff,

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

No. 81 C 6552.

United States District Court, N. D. Illinois, E. D.

Oct. 1, 1982.

---

Richard L. Manning, Crowley, Fuller & Manning, Chicago, Ill., for plaintiff.

Richard H. Schnadig, Andrea R. Waintroob, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Carl R. Menefee, Sr. ("Menefee") alleges he was subjected to employment discrimination by General Electric Company ("G. E.") in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e–2 ("Title VII"). G. E. has moved for summary judgment. For the reasons stated in this memorandum opinion and order, G. E.'s motion is granted.

### Facts[1]

Menefee began working for G. E. as an hourly-paid Accounting Clerk in September 1979. For that reason his compensation was based entirely on his self-reporting on weekly time sheets. While employed at G. E., Menefee attended night school, earning a Bachelor of Arts Degree in Accounting in May 1981.[2]

On three occasions in July and August Menefee was involved in disputes with his supervisors because of the inaccuracy of his time sheets. On August 21 Menefee was terminated. G. E.'s asserted reason was his repeated submission of falsified time sheets.

Menefee filed a timely charge of race discrimination (he is a black man) with the Equal Employment Opportunity Commission ("EEOC"). In November EEOC issued a right-to-sue letter, having found no reasonable cause to believe Menefee had been discharged because of his race. Menefee then brought this action within the requisite 90-day period.

Menefee's pro se complaint alleges three manifestations of racial discrimination by G. E.:

1. termination of his employment;

2. failure to promote him;

3. failure properly to recognize his educational background.

On the appropriately liberal reading of the Complaint,[3] the essence of Menefee's charge is that he was treated differently from other G. E. employees in those three respects because of his race.

G. E.'s summary judgment motion rests on two grounds:

1. On the undisputed facts G. E.'s reasons for Menefee's discharge were nondiscriminatory.

2. Menefee's claim of discriminatory denial of promotion was not brought before EEOC, as required by 42 U.S.C. § 2000e–5(e).[4]

G. E.'s first ground is both persuasive and fully dispositive, so that the second need not be considered.

### Summary Judgment Principles

Because Menefee's response betrays an apparent misunderstanding of the operative

---

**1.** There is no controversy over the evidentiary facts (though the parties do quarrel over the drawing of inferences). G. E. relies in large part on Menefee's own deposition testimony (cited "Dep.—").

**2.** All dates without year designations were also during 1981.

**3.** Although counsel has represented Menefee during the discovery process and on the current motion, the original Complaint was never amended. It will be construed liberally as though Menefee had acted pro se throughout.

**4.** G. E. reads Menefee's claim about its failure to recognize his educational background as part of the nonpromotion claim.

rules on a summary judgment motion, it is important to focus on the familiar language of Fed.R.Civ.P. ("Rule") 56(e):

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

True enough, Menefee is entitled to all reasonable inferences in his favor from the *facts* of record. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). However those inferences must indeed be grounded in facts and not unsupported allegations or suspicions. Menefee cannot withstand G. E.'s summary judgment motion by bare assertions. *Patterson v. General Motors Corp.*, 631 F.2d 476, 482 (7th Cir. 1980), *cert. denied,* 451 U.S. 914, 101 S.Ct. 1988, 68 L.Ed.2d 304 (1981). That proves fatal to all three charges he has advanced.

### Allegedly Discriminatory Discharge

Menefee knew the time reported on his time sheets was used to calculate his pay (Dep. 51). Those time sheets specify "actual starting and stopping time must be entered" (Def. Ex. 10–12, 14). Menefee nevertheless admits he knowingly submitted incorrect time sheets for three weeks in July and August (Dep. 104, 108, 111–12, 117–18).

Menefee's deposition testimony sought to provide a more or less elaborate explanation or excuse for each admittedly inaccurate submission. But the most favorable inferences reasonably to be drawn from the acknowledged facts cannot blink the fact that Menefee was either unable or unwilling to record his work-time accurately. Such re-

peated failure (and by an accounting clerk!) could certainly constitute reasonable grounds for dismissal.

G. E. seeks a direct quantum leap from this undisputed, nondiscriminatory ground for Menefee's dismissal to a summary judgment. Matters are not quite so simple.

By now the ping-pong match established by the Supreme Court to allocate the order and burden of proof in Title VII cases is well known:

First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." ...
Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981), citing *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 802, 804, 93 S.Ct. 1817, 1824, 1825, 36 L.Ed.2d 668 (1973). G. E. would stop that process prematurely.

It invokes *Flowers v. Crouch-Walker Corp.,* 552 F.2d 1277 (7th Cir. 1977) to suggest there can never be an inference of race discrimination where a discharged racial minority group member cannot show he was performing satisfactorily at the time of his termination. Absence of such an inference, it continues, precludes a Title VII plaintiff from making out the *McDonnell-Douglas* first-level prima facie case. Finally G. E. urges that prima facie failure in turn compels summary judgment at the outset.[5]

---

5. G. E. also contends it can easily meet its *McDonnell-Douglas* second-level rebuttal burden even if Menefee could arguably make out a prima facie case. G. E. then predicts Menefee

can never show G. E.'s articulated legitimate reason for Menefee's termination was a pretext.

That analysis is flawed. It is true G. E.'s submissions and Menefee's admissions clearly establish his unsatisfactory job performance immediately preceding his discharge.[6] Nonetheless Menefee might still raise the requisite first-level inference of discrimination if the evidence suggested similarly situated white employees were treated differently under similar circumstances. *Otis v. Inland Container Corp.,* 25 FEP Cases 1280, 1282 (N.D.Ill.1981). Menefee's charge, after all, is that he was subjected to disparate treatment on the basis of his race.

On that score Menefee suffers a total failure of proof. No affidavits or documentary evidence support his disparate treatment claim. During his deposition he did say ".whites were falsifying sheets and getting away with it." (Dep. 163). That conclusion was based on his having assertedly, on *one* occasion, noticed one black and one white female employee reporting 40 hours worked in a week in which they had taken "a couple" of lunch breaks for "longer" than the permitted 45 minutes.[7] Even with favorable inferences that claim does not do the job:

1. There is no hint whites repeatedly falsified time sheets (as did Menefee).

2. There is no indication the one incident represented any significant time discrepancy (such as were involved in Menefee's own episodes).[8]

3. Perhaps most significant to a disparate treatment claim, there is no showing the alleged over-reporting was *known* to G. E. supervisory personnel.

Thus Menefee has wholly failed to set forth specific facts from which this Court can infer he was subjected to disparate disciplinary treatment by G. E. There is no genuine issue of material fact as to Menefee's termination. G. E. is therefore entitled to a judgment as a matter of law on the discriminatory discharge claim.

### Allegedly Discriminatory Nonpromotion

At the outset G. E. raises a jurisdictional bar to Menefee's nonpromotion claim as not having been the subject of a timely EEOC charge. Here a factual dispute does exist:

1. EEOC's right-to-sue letter states only his discriminatory discharge claim was decided: "No determination is made as to any other issues which might be construed as having been raised by this charge."

2. As G. E. concedes (Def.Mem. 6 n.3), EEOC's "Intake Questionnaire," prepared when a complainant first comes to EEOC's office, also refers to Menefee's nonpromotion charge.

This Court need not resolve that dispute.[9] In all events Menefee has not posed a genuine issue of material fact on the merits of the claim.

All the record contains arguably relevant to Menefee's nonpromotion claim are copies of correspondence between his supervisor and a G. E. official in Connecticut. That correspondence reflects the supervisor unsuccessfully seeking a "lower level" position for Menefee after his graduation from Elmhurst College. Menefee reads pejorative connotations (and racial ones at that) into

---

6. Menefee has submitted a "Performance Review Form" rating Menefee's work "Fully Satisfactory." That review occurred in October 1980, nine months before the disputes leading to Menefee's discharge. Even that review reflected a notation that Menefee "needs improvement" in responsibility and is guilty of "occasional tardiness." In any case it cannot help Menefee here.

7. G. E. suggests both black and white employee involvement in that episode negates any possible inference of race discrimination against Menefee. Its argument is both illogical and a misstatement of law. *See Flowers,* 552 F.2d at 1282.

8. Menefee himself minimized the problem posed by minor variations (often merely a few minutes) between actual and recorded starting and stopping times (Dep. 49–51). In sharp contrast, Menefee's own weekly time discrepancies involved periods of three to eight *hours* (Dep. 104, 111–12, 116–17).

9. Menefee claims (Dep. 97) he was dissuaded from pursuing the matter by EEOC officials. G. E. retorts (Def.R.Mem. 10) Menefee voluntarily abandoned the nonpromotion charge.

the term "lower level," but there is no shred of evidence the supervisor was seeking anything but a position suitable for a recent college graduate with Menefee's credentials. Menefee himself advances nothing but vague suspicions about the reasons for his nonpromotion (Dep. 99, 164).

■ What the record does show is that Menefee is black and he was not promoted—without any causal nexus between those two facts. *See Ortiz v. Ciba-Geigy Corp.,* 87 F.R.D. 723, 724–25 (N.D.Ill.1980). Once again, Menefee's failure to meet the requirements of Rule 56(e) defeats him.

### Menefee's Educational Background Claim

On G. E.'s terms the discussion just concluded also supports a summary judgment as to G. E.'s alleged failure to recognize Menefee's educational achievements. Because of the original pro se complaint, this Court will indulge a somewhat broader (perhaps unjustifiably broad) reading of this third claim so that it also embraces G. E.'s failure to recognize Menefee's educational achievements *before* his graduation and putative eligibility for promotion.

■ That expansive view of the pleading, however, does not obviate the need for facts to oppose G. E.'s motion. Instead the record shows Menefee was well satisfied with his original employment situation with G. E. He had a favorable impression of the company and received a 34% pay increase over his previous job (Dep. 38, 40). Once more, Menefee simply has failed to show any facts from which inferences favorable to his position can be drawn.

### Conclusion

Menefee has failed to set forth specific facts showing there is a genuine issue of material fact as to any of his claims. G. E. is entitled to and is granted a judgment as a matter of law. This action is dismissed.

