**Dion McCARTHY, Plaintiff,**

v.

**KEMPER LIFE INSURANCE COMPANIES, Defendant.**

No. 87 C 5730.

United States District Court,
N.D. Illinois, E.D.

Nov. 21, 1989.

**252**

Donald G. Weiland, Chicago, Ill., for plaintiff.

Paul R. Garry, Gwen V. Carroll, Katten, Muchin & Zavis, Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court are motions of defendant, Kemper Life Insurance Companies, pursuant to Fed.R.Civ.P. 56(b), for summary judgment on the remaining claims, Counts I, II and IV, of the complaint of plaintiff, Dion McCarthy, and for an order striking the affidavit of Dion McCarthy. The motion to strike is denied and, for the reasons set forth below, summary judgment is granted in favor of Kemper.

McCarthy, who admits engaging in a protracted scheme of expense account fraud against Kemper and who was fired by Kemper after the scheme was discovered, brought this action alleging that he was discharged by Kemper because he was black and had previously filed a charge with the Equal Employment Opportunity Commission ("EEOC") against Kemper.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, deposition, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.*

McCarthy's Title VII, 42 U.S.C. § 2000e et seq., discrimination claim, as asserted in Count I, cannot survive summary judgment when evaluated under established standards, *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), *McQuillen v. Wisconsin Education Association*, 830 F.2d 659 (7th Cir.1987), for two reasons.

First, McCarthy has failed to raise a genuine issue of material fact with respect to his inability to establish a *prima facia* case of discrimination. Specifically, McCarthy, who has not alleged replacement by a member of a nonprotected class, has not provided any evidence that other similarly situated employees, who were not members of a protected class and who were known by Kemper to be cheating on their expense account reports, were not discharged by Kemper. In fact, in the only other instance of expense account fraud of record, a similarly situated white male was also discharged by Kemper. With respect to McCarthy's reliance on certain errors and omissions in the expense accounts of his co-workers, their occasional failure to attached a receipt for an expense actually incurred can in no way be compared to McCarthy's repeated submission of receipts for reimbursement of expenses which he acknowledges he never incurred.

Second, even had McCarthy been able to establish a *prima facie* case, Kemper has articulated a legitimate nondiscriminatory reason for his discharge—employee theft, *see, e.g., Jones v. Alton,* 757 F.2d 878, 886 (7th Cir.1985); *Battle v. Isaac,* 624 F.Supp. 1109, 1113 (N.D.Ill.1986); *Menefee v. General Electric Co.,* 548 F.Supp. 619, 621 (N.D.Ill.1982). Yet, McCarthy has wholly failed to carry his burden of showing that Kemper's articulated nondiscriminatory reason was a pretext for discrimination. McCarthy's unsubstantiated allegations of racial animus are either hearsay or directly contradict the statements he made when deposed and, even if believed, fall far short of creating a genuine issue on whether, "but for" the alleged discrimination, McCarthy would not have been dismissed. *See McQuillen,* 830 F.2d at 664; *Sherkow v. State of Wisconsin,* 630 F.2d 498 (7th Cir.1980).

Neither can McCarthy's claim of discharge in retaliation for filing an EEOC charge, as asserted in Count II, survive summary judgment. Measured by the standards for a retaliation claim set forth in *Collins v. State of Illinois,* 830 F.2d 692, 702 (7th Cir.1987), McCarthy has failed to raise a genuine issue as to whether there was a causal link between the protected expression—filing the EEOC charge—and his discharge. McCarthy has failed to place any evidence of retaliation beside the strong evidence of discharge for fraud.

Finally, under *Patterson v. McLean Credit Union,* — U.S. —, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), McCarthy's 42 U.S.C. § 1981 claim must fail. McCarthy's claim of discriminatory working conditions cannot be properly brought under § 1981. Further, the settlement agreement resolving the EEOC charge is not an example of Kemper's refusal to enter into a contract on other than on discriminatory terms. Even if the settlement agreement were discriminatory, and there is no evidence that it is, the court holds that, in the alternative, McCarthy, having approved it, is now estopped to challenge it.[1]

In sum, defendant's motion to strike is denied and defendant's motion for summary judgment is granted.

IS SO ORDERED.

---

1. For the reasons discussed above, summary judgment on Count IV, for breach of contract, must also be granted in favor of Kemper. Kemper's discharge of McCarthy was for a legitimate nondiscriminatory reason and, as such, did not violate the settlement agreement.