Gerald R. HUHN, Plaintiff-Appellant,

v.

KOEHRING COMPANY, Defendant-Appellee.

No. 82–2865.

United States Court of Appeals, Seventh Circuit.

Argued April 8, 1983.

Decided Sept. 29, 1983.

Rehearing and Rehearing En Banc Denied Jan. 11, 1984.

Alan S. Brostoff, Milwaukee, Wis., for plaintiff-appellant.

John R. Sapp, Michael, Best & Friedrich, Milwaukee, Wis., for defendant-appellee.

Before PELL and COFFEY, Circuit Judges, and WEIGEL, District Judge.*

COFFEY, Circuit Judge.

Gerald R. Huhn appeals from the order of the United States District Court, Eastern District of Wisconsin, granting summary judgment in favor of the Koehring Company (Farm Equipment Division), his employer, under the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"). Huhn contends that the order was improper because the company's explanation for discharging him was a pretext for age discrimination rather than a legitimate business reason. We affirm.

## I.

At all times relevant to this litigation, the Farm Equipment Division of Koehring manufactured various farm implements and machinery and was headquartered in Appleton, Wisconsin. The products of the Farm Equipment Division were sold through a network of retail dealers serviced by area salesmen assigned individual territories. An area salesman's duties consisted of promoting wholesale shipment of equipment to retail dealers, collecting monies due to Koehring for the financing of the wholesale sales, and assisting the dealers in selling the equipment at the retail level.

The plaintiff, Gerald R. Huhn, an area salesman for the Farm Equipment Division, was assigned the northeastern section of Wisconsin and the upper peninsula of Michigan. Since the Farm Equipment Division's headquarters were located in this area, this territory was of particular importance to the Koehring Company and had previously enjoyed one of the highest sales volumes in the country. In 1976, for some unknown reason, shipments to Huhn's territory dramatically dropped. The comparable figures for the plaintiff Huhn's territory for the years 1974, 1975, and 1976 are as follows:

| | |
|---|---|
| 1974 | $1,267,484.15 |
| 1975 | $1,158,833.02 |
| 1976 | $ 673,689.27 |

As of the end of July, 1977, the plaintiff Huhn's sales declined another 30.2% from his 1976 depressed sales volume. Additionally, each area salesman was given a quota for finance collections to be made on the wholesale sales in his territory (based on his past performance) and in 1976 Huhn achieved only 66.3% of his quota.

A decision was made within Koehring to remove Huhn from his sales duties, and on August 15, 1977, Damon Vitale, the Farm Equipment Division President and General Manager, and Thomas Symons, the Division's Director of Employee Relations, met with Huhn, now fifty years of age, to inform him that he was being placed on indefinite leave of absence due to the dramatic sales decline in his territory.[1] Rather than terminate him, the Koehring Company placed Huhn on leave of absence in order that he might be able to continue his medi-

---

* The Honorable Stanley A. Weigel, District Judge for the United States District Court for the Northern District of California is sitting by designation.

1. The company placed Huhn on indefinite leave of absence to be reviewed in six months as to the continuation of the same, return to employment, or termination.

cal and other insurance as he had previously undergone open-heart surgery and was still under medication. John D. Miller, age forty-five, was assigned Huhn's sales territory on September 15, 1977. While on leave of absence, Huhn accepted employment with the Kewanee Machinery Company on December 5, 1977. Koehring continued to provide Huhn with health and life insurance until such time as Huhn formally declined an offer to return to the Farm Equipment Division in another position in April of 1978.

Subsequent to Huhn's removal from his sales position, Huhn asked Koehring to provide him with written confirmation of the leave of absence conference held August 15, 1977 between Huhn, Symons and Vitale. On August 23, 1977, Mr. Symons sent Huhn a letter which recited in pertinent part:

"Actual shipments in your territory are significantly below its business potential and what is required, in view of the shipments that have been traditionally generated in that territory over the years. Additionally, dealer calls have decreased to an average of only one per day. Therefore, it is necessary to replace you in the territory.

"It is also our belief that you would not be interested in an internal office position should one become available in the future.

"After selection of a replacement and your familiarizing him with your territory, you will be placed on an indefinite personal leave of absence that will be reviewed at the end of six months. During the period of your approved leave of absence your life and health insurances will remain in force.

"If, during the term of the leave of absence, you should become qualified for Social Security benefits, you would automatically qualify for a Koehring pension, and continuation of your life and health insurance program.

"Please contact me if you have any questions regarding the above matter."[2]

2. An examination of the record failed to disclose any response from Huhn to Symons' letter.

On February 10, 1978, pursuant to 29 U.S.C. § 626(d), Huhn contacted the United States Department of Labor advising the department that he intended to commence a lawsuit against Koehring contending that his termination of employment was a result of age discrimination. On May 2, 1978, Edmund Shedd, the Area Director of the Department of Labor, informed Huhn that after investigating his charges and meeting with Koehring employees in an attempt to resolve the dispute, Shedd decided to take no further action and informed Huhn that he was free to institute suit against his former employer. Huhn filed suit in the United States District Court, Eastern District of Wisconsin on August 13, 1980, contending that the Koehring Company terminated his employment because of his age even though he had performed his duties "loyally and satisfactorily." The Koehring Company's answer denied that Huhn had performed his duties satisfactorily or that he was discharged because of his age and affirmatively stated that he had been "fired for good cause." After numerous depositions and the exchange of interrogatories, Koehring filed a summary judgment motion arguing that the plaintiff had failed to allege nor could he prove age discrimination under the ADEA standards. In essence, the Koehring Company contended that:

"Mr. Huhn cannot establish a *prima facie* case because he cannot establish that he was qualified for the job and he cannot demonstrate that he was replaced by a person outside the protected group. He also cannot carry his ultimate burden of showing that age was a determining 'but for' factor in the company's decision to remove him from his territory."

The plaintiff Huhn countered, arguing that material issues of fact existed concerning his qualifications, sales performance, and the ultimate reason for his termination and thus summary judgment was inappropriate.

After reviewing the briefs and affidavits filed in support of and in opposition to the

summary judgment motion, the district judge granted the defendant Koehring's summary judgment motion. In its decision the district court recited the basic elements of an age discrimination action and noted that a plaintiff is initially required to establish a *prima facie* case of employment discrimination based upon the factors set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The court reasoned that under *McDonnell Douglas,* an age discrimination plaintiff in order to raise an inference of improper discrimination must show: (1) that he belongs to the protected class; (2) that he was qualified for the position; (3) that he suffered an adverse employment decision; and (4) that the employer sought to replace him. After a plaintiff has set forth a *prima facie* case, the district court held that the burden shifts to the employer to articulate a justification for his decision. Once the employer articulates a justification for the employee's termination, the employee must then prove that the justification was merely a pretext—that but for his age he would not have been terminated. The employer need only articulate justification for his decision to terminate the employee, thus the ultimate burden of proof remains at all times with the plaintiff. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

In response to the Koehring Company's summary judgment motion, the court ruled that:

"Summary judgment in discrimination cases, which often necessarily involve issues of motive and intent, must be approached with caution. However, every now and then a case that is appropriate for summary disposition crops up. In *Kephart v. Institute of Gas Technology,* 630 F.2d 1217, 1218 (7th Cir.1980), the court stated:

'Summary judgment is improper in a discrimination case—or any other—if it involves—as it often must—any weighing of conflicting indications of motive and intent. Here plaintiff had no indications of motive and intent, supportive of his position, to put on the scales for weighing. It was a wholly empty case. In such circumstances, summary judgment is proper.'"

The district court went on to find that Huhn's case was "wholly empty."

The district court further held that:

"Under this analysis, this case could be approached in two ways. Defendant here contends that Huhn was removed from his sales territory because he was not doing his job satisfactorily. On the one hand, under *Kephart* that would seem to indicate that Huhn was not qualified for the job and therefore had not made out a *prima facie* case of discrimination. On the other hand, the fact that Huhn was not doing his job satisfactorily can be viewed as an articulation of a non-discriminatory reason for the removal. Because Huhn had been a salesman for this company for many years, in this case I will treat the company's dissatisfaction with his performance as an articulation of a non-discriminatory reason for the termination. I therefore find that Huhn has established a *prima facie* case. He was in the protected group, was arguably qualified for the position, was removed from the position, and was replaced by another employee.

"Koehring has articulated a non-discriminatory reason for the termination. The company was simply not satisfied with Huhn's performance. He was serving a territory which included the company's home office; a territory considered to have significant potential."

The court noted, in response to Huhn's arguments that any decline in his sales figures was not an indication of poor performance on his part but rather was due to the company's own economic and manufacturing problems, that he had an outstanding performance record throughout his employment, and that he had been arbitrarily and unfairly terminated after 30 years of employment:

"Whether or not Huhn raises an issue of material fact as to just how good or bad

his performance would look to an outside observer, the company was not satisfied. . . ."

"The issue here is not whether Huhn was performing satisfactorily. The company did not think that he was. So long as age was not the basis of the company's decision—and absolutely no evidence exists in this record that it was—the company can make a decision to terminate, even if the decision is unwise. The only thing it cannot do for purposes of this lawsuit is discriminate on the basis of age.

"Huhn is arguing that because to him the company's decision did not make sense, he is the victim of age discrimination. A plaintiff claiming age discrimination has a larger burden. He must affirmatively show that 'but for' his age, he would not have been fired. Huhn has not met his burden."

From this order granting summary judgment to the defendant, Huhn appeals. After having reviewed the record and briefs herein we have determined that Huhn presents one issue on appeal with merit: Did the district court err in granting summary judgment in favor of the defendant Koehring Company?

## II.

The Age Discrimination in Employment Act recites in pertinent part:

"(a) it shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;"

29 U.S.C. § 623(a). Thus, to establish a cause of action under the ADEA, a claimant must show that he was discriminated against *because of* his age.

The district judge cited and relied on the Supreme Court's *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) decision setting forth the elements an aggrieved employee must establish to prove a *prima facie* case of employment discrimination. Although *McDonnell Douglas* involved a Title VII complaint of employment discrimination, the courts have also applied the *McDonnell Douglas* formula to cases involving alleged age discrimination. *Kephart v. Institute of Gas Technology,* 630 F.2d 1217 (7th Cir. 1980).

In *Loeb v. Textron,* 600 F.2d 1003 (1st Cir.1979), the First Circuit utilized the elements of *McDonnell Douglas,* with appropriate modifications, to evaluate a claim of unlawful discharge under the ADEA.

"A correct statement of the elements of a *McDonnell Douglas prima facie* case, adapted to [the] present circumstances, therefore would have been that Loeb had to prove that he was in the protected age group, that he was performing his job at a level that met his employer's legitimate expectations, that he nevertheless was fired, and that [his employer] sought someone to perform the same work after he left."

*Loeb,* 600 F.2d at 1014 (footnote omitted).

The plaintiff Huhn contends that he established a *prima facie* case of age discrimination according to the *McDonnell Douglas* standard: (1) he belongs to the protected class (age 40–70); (2) he was qualified for his position; (3) he was terminated; and (4) he was replaced by a younger person.

Clearly, Huhn, fifty years of age at the time of his termination, fell within the age group protected by the ADEA. *See* 29 U.S.C. § 631(a). As to the second element of a *McDonnell Douglas prima facie* case, a plaintiff must establish that he "was performing his job at a level that met his employer's legitimate expectations" and Huhn alleges that he meets this element of the test as his level of sales, in existence at the time of his discharge, was "apparently satisfactory" to Koehring as the Company had never complained to him previously.

The plaintiff's argument that he was "qualified" in that he was performing at a level that met his employer's legitimate expectations is not legally sufficient to meet the required *prima facie* standard on a

summary judgment motion because he failed to demonstrate to the satisfaction of his employer and the court that he was performing adequately. *Kephart v. Institute of Gas Technology,* 630 F.2d 1217 (7th Cir.1980).

"The plaintiff must show as part of his *prima facie* case only that he 'met his employer's *legitimate* expectations.' This formulation raises the question whether the plaintiff would be permitted to show that the employer's demands were illegitimate in the sense of being unfair or arbitrary. Plaintiff's assertion that the company's goals in the Columbia Gas project were unrealistic or constituted an approach to research that *Kephart* considered unsound might be relevant under this approach. The Age Discrimination in Employment Act, however, was not intended for a vehicle for judicial review of business decisions.... The question before the court is not whether the company's methods were sound, or whether its dismissal of Kephart was an error of business judgment. The question is whether he was discriminated against because of his age. Although an employer may not make unreasonable expectations, and must make the employee aware of just what his expectations are, beyond that the court will not inquire into the defendant's method of conducting its business. If Kephart was not doing what his employer wanted him to do, he was not doing his job. The plaintiff admits that conflicts developed between himself and his superiors as to how projects should be carried out. He does not contradict the affidavits and depositions of other [company] employees stating that they thought his work was unsatisfactory. In response, he offers only the judgments of some who thought his work was good. These contrary assessments of his performance do not impeach the legitimacy of his employer's expectations. Plaintiff does not raise a material issue of fact on the question of the quality of his work merely by challenging the judgment of his superiors.

\* \* \* \* \* \*

"There are thus insufficient facts in dispute that would permit a finding that plaintiff has made a *prima facie* showing of age discrimination. Uncontradicted evidence reveals that he was not living up to his employer's expectations."

*Kephart,* 630 F.2d at 1223. *Kephart* clearly stands for the rule that to be "qualified" an employee must be meeting his employer's expectations. The district court acknowledged that *Kephart* would "seem to indicate that Huhn was not qualified for the job and therefore had not made out a *prima facie* case of discrimination." The court later, however, assumed *arguendo* that Huhn was qualified and analyzed the plaintiff's argument that the employer's reasons for his discharge were merely a pretext and ultimately determined that the plaintiff Huhn had not been discriminated against by the Koehring Company upon the basis of age.

The record upon review clearly demonstrates that the district court had ample support when holding that the plaintiff had not presented a *prima facie* case of age discrimination because on the date of his termination he was not "qualified" in the sense that he was not adequately performing his duties. It is more than evident that Huhn's work was not satisfactory to his employer as his level of sales had declined dramatically and thus the record supports the defendant's position that the discharge was related to Huhn's capabilities and performance, and not related to his age. Although the Supreme Court stated in *Burdine* that "[t]he burden of establishing a *prima facie* case of disparate treatment is not onerous[,]" the Court also has ruled that an employment discrimination plaintiff "has the burden of proving *by the preponderance of the evidence a prima facie* case of discrimination." *Halsell v. Kimberly-Clark Corp.,* 683 F.2d 285, 290 (8th Cir. 1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1194, 75 L.Ed.2d 438 (1983) (*citing Texas Dept. of Community Affairs v. Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093) (emphasis original). The plaintiff Huhn was required to show more than merely the fact that he

was within the protected age group and that he was adversely affected by a decision of management relating to conditions of his employment. *See Toussaint v. Ford Motor Co.,* 581 F.2d 812, 815 (10th Cir.1978). Huhn had to demonstrate that he was qualified to continue in his sales position in the sense that his performance did, in fact, meet Koehring Company's legitimate expectations. Huhn acknowledged to the district court and to this court that in his sales position with the Farm Equipment Division, "the essential job requirement was always the same from year to year, namely, sell as much as possible." The record before us discloses that Huhn, neither through his affidavits nor discovery, was able to set forth a *prima facie* case of age discrimination sufficient to defeat Koehring's summary judgment motion.

The district court found that:

"The company was simply not satisfied with Huhn's performance. He was serving a territory which included the company's home office; a territory considered to have significant potential. In 1976, shipments to that territory dropped dramatically. Figures for the territory are as follows:

| | |
|---|---|
| 1974 | $1,267,484.15 |
| 1975 | $1,158,833.02 |
| 1976 | $ 674,689.27 |

"The decline in Huhn's performance was also reflected in his collections. In 1976, Huhn achieved only 66.3 percent of his collection budget.

"By July, 1977, Huhn's sales had declined 30.2 percent from his 1976 figures for the same period. Don Campbell, the Sales Manager, was not satisfied with his performance."

The Koehring Company has consistently maintained that the plaintiff's sales figures did not reach the levels which could reasonably be expected from the efforts of a diligent salesperson and this was the reason for his dismissal. The plaintiff Huhn has failed to show that the defendant discharged him *because of* his age. As the district court noted, the plaintiff's case was "wholly empty" and summary judgment was appropriate. *Kephart,* 630 F.2d at 1218.

### III.

We hold that since the plaintiff Huhn was unable to meet the burden of proof required to set forth a *prima facie* age discrimination case under the *McDonnell Douglas* formula (as he could not show he was "qualified"), the district court's order granting summary judgment to the Koehring Company is AFFIRMED.