**Dean A. MATTHEWS, Plaintiff,**

v.

**ALLIS–CHALMERS, Defendant.**

**No. 83 C 7843.**

United States District Court,
N.D. Illinois, E.D.

Sept. 5, 1984.

Gerald C. Moton, Homewood, Ill., for plaintiff.

Nina Stillman, Edward Jepson, Jr., Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

Plaintiff, Dean Matthews (Matthews), brought this suit against his former employer, Allis-Chalmers Corp. (Allis-Chalmers or the company). Matthews claims that Allis-Chalmers violated the Age Discrimination in Employment Act (ADEA) when the Company fired him from his position as an engineer in November, 1982. The case is before the court on defendant's motion for summary judgment.

### I. *Factual Background*

Allis-Chalmers hired Matthews as a designer in 1957. The company promoted him to engineer and twice promoted him to Chief Engineer, only to demote him back to engineer after each promotion. Matthews was always on salary. On November 12, 1982, Matthews' supervisor, Richard Killeen (Killeen), fired Matthews. Killeen told Matthews that the discharge was for economic reasons. Matthews was 54 years old.

Between January 4, 1980, and December 30, 1983, Allis-Chalmers reduced its salaried work force by 221. Eighty of these were forty or older. Matthews' termination came on the same day on which the Company discharged thirteen other employees. Six of these were over 40.

Matthews complains only of his firing. Matthews Dep. at 40. He testified at his deposition that only Ed Northrup (Northrup), a supervisor at Allis-Chalmers, discriminated against him on the basis of his age: "My belief is that Ed Northrup. This I have no evidence to back up, this is my belief." *Id.* at 41. Matthews bases his opinion on two other "facts": that he would have been eligible for early retirement at 55, *id.* at 53, and that "they [Allis-Chalmers] have done the same thing to other people." *Id.* at 43. Matthews knew nothing else that led him to believe that Allis-Chalmers had discriminated against him. *Id.* at 46.

### II. *Discussion*

In setting forth the elements of a prima facie case of age discrimination, the United States Court of Appeals for the Seventh Circuit has applied the standards of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Kephart v. Institute of Gas Technology,* 630 F.2d 1217 (7th Cir.1980), *cert. denied,* 450 U.S. 959, 101 S.Ct. 1418, 67 L.Ed.2d 383 (1981). *Green* was a case of alleged racial discrimination in hiring. The Court held that the elements of a prima facie case are that the plaintiff belongs to the protected class, that he was qualified for the job, that he was not hired, and that the employer continued to seek applicants for the job. 411 U.S. at 802, 93 S.Ct. at 1824. The Court added the caution that "[t]he facts necessarily will vary in Title

VII cases, and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations." *Id.* at 802 n. 13, 93 S.Ct. at 1824 n. 13.

■ In age discrimination discharge cases, courts have required the plaintiff to show that he is in the protected age group, that he was satisfying the legitimate business expectations of the employer, that he was nevertheless fired, and that he was replaced by a younger person. *See, e.g., Loeb v. Textron,* 600 F.2d 1003, 1014 (1st Cir.1979). The last element has no role in a reduction-in-force case such as this one; by definition, when the employer reduces his work force he hires no one to replace the ones he lets go. *See Williams v. General Motors Corp.,* 656 F.2d 120, 128 (5th Cir. 1981), *cert. denied,* 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982). The question is whether to require plaintiffs to show more than their age, qualifications, and termination.

■ The purpose of a prima facie case is to eliminate the most common nondiscriminatory reasons for the plaintiff's discharge. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). "[W]hen all legitimate reasons for rejecting an applicant have been eliminated as possible reasons for the employer's actions, it is more likely than not that the employer, who we generally assume acts only with *some* reason, based his decision on an impermissible consideration such as race." *Furnco Construction Co. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978). The focus of the prima facie case is on causation: the plaintiff must show enough to make it appear more likely than not that age was a factor in the discharge. *See Huhn v. Koehring Co.,* 718 F.2d 239, 243 (7th Cir.1983) ("[T]o establish a cause of action under the ADEA, a claimant must show that he was discriminated against *because* of his age").

Unlike the employer who passes over a qualified minority applicant, the employer who fires a qualified older employee as part of a reduction-in-force does nothing inherently suspicious. One expects nondiscriminating employers to hire qualified applicants rather than keep looking. To do otherwise raises a fair inference of discrimination. In the reduction-in-force case, the employer often must discharge qualified employees. The nondiscriminating employer will choose whom to discharge on the basis of their *relative* contributions to the business. That the one chosen happens to be older by itself raises no fair inference of discrimination—those who remain may be more productive. The age discrimination plaintiff in this type of case must show more.

■ One court which has faced the question required the plaintiff to show "some other indirect evidence from which a logical inference of discrimination can be made ... [s]uch [as] statistics showing a pattern or practice of age discrimination or statements indicating that age was a factor in the employment decision." *Bobbitt v. PBA, Inc.,* 31 FEP Cases 366, 367 (D.Minn. 1983). This is a reasonable burden to place on the plaintiff. Again, he is not entitled to recover unless he can prove that he was fired *because* of his age. *Huhn,* 718 F.2d at 243. He simply must show some evidence of causation.

Matthews points to no discriminatory statements by Allis-Chalmers employees. Statistics show that Allis-Chalmers' reduction in force affected younger employees more severely than older ones, particularly in Matthews' Department. Exhibits A and B to Defendants' Motion for Summary Judgment. Matthews identifies no less productive younger employees whom Allis-Chalmers retained instead of him.

■ Matthews argues that he has made out a prima facie case and contends that two questions of material fact exist.[1]

---

1. Matthews raises other "issues," but none is worthy of extended discussion.

Matthews contends that Killeen should have used Matthews' progress evaluations in deciding whom to fire. Killeen was free to rely on his

Both relate to whether Killeen applied in good faith his stated criteria in deciding whom to retain. If Matthews could show that by the company's own criteria he should have kept his job, that would be some evidence that age was a factor in the decision to fire him. Matthews, however, fails to make this showing.

Killeen testified that he chose one engineer, a Mr. Artwohl (Artwohl), over Matthews because Artwohl generally was better at completing projects on schedule and within budget. Killeen Dep. at 82. Specifically, Killeen testified that Matthews failed to discover and fix design problems with the "World Truck Mast" project. *Id.* Killeen personally observed the defects in the design. *Id.* at 54. According to Killeen, Artwohl demonstrated his superior ability by solving the mast problem which Matthews failed to notice. *Id.* at 82.

Matthews argues that this "reason" for choosing Artwohl over him is a fabrication because when Killeen fired Matthews he could not have known that Artwohl had solved the problem. No evidence supports this conclusion. Matthews points only to documents which show that the company continued to test the new mast design after Matthews left. *E.g.,* Killeen Dep. Ex. 1–K. Matthews does not dispute, however, that Artwohl had completed the redesign, and that Killeen knew that he had done so, before Killeen decided to fire Matthews. Plaintiff apparently argues that Killeen could not rely on the apparent superiority of Artwohl's redesign until the later tests confirmed it (as they apparently did).

■ Killeen was under no duty to wait. "The Age Discrimination in Employment Act ... was not intended as a vehicle for judicial review of business decisions." *Kephart,* 630 F.2d at 1223. Matthews' performance on the mast project relative to Artwohl's was a legitimate basis for deciding whom to keep. When Artwohl completed the redesign, Killeen judged it superior to the defective design which Matthews failed to detect and correct. Nothing indicates that his decision involved anything other than his business and professional judgment. That was his call to make. The court refuses to require employers to double-check their evaluations of employees' relative skills.

■ Matthews next argues that Killeen should not have considered Matthews' managerial abilities when he decided to fire Matthews. *See* Killeen dep. at 52. Killeen testified that he considered technical abilities and the "administration of such technical competence in engineering a product that is functional, safe, marketable, and profitable." Killeen Dep. at 10. Administration, with an eye to the bottom line, is what most managers do. Matthews' managerial shortcomings thus were relevant to Killeen's stated criteria. Matthews also argues that the remaining jobs in his department required no managerial skills. The court cannot substitute its judgment for the company's as to what business skills particular jobs require. *Kephart,* 630 F.2d at 1223.

■ The court need go no further. Matthews fails to provide any evidence from which the court can infer that Allis-Chalmers more likely than not fired him because of his age. He has not established his prima facie case.

III. *Conclusion*

For the reasons stated above, the court grants defendant's motion for summary judgment and enters judgment for the defendant. Plaintiff shall bear defendant's costs.

personal observations of Matthews' abilities rather than older evaluations by others.

Matthews also argues that a dispute exists whether Killeen knew Matthews' age when he fired him. The company does not contend that Matthews' age was unknown to it or its supervisors. The only material issue is whether that admitted knowledge played any role in the company's decision. Even if Killeen had known Matthews' precise date of birth, that fact alone would not be evidence that Matthews' age was a factor in his decision.