**Norbert A. MEADOWS, Plaintiff–Appellant,**

v.

**FORD MOTOR COMPANY and MSX International Business Services, Inc., Defendants–Appellees.**

No. 00–3231.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before JONES, SUHRHEINRICH, and DAUGHTREY, Circuit Judges.

PER CURIAM.

The plaintiff, Norbert A. Meadows, filed a lawsuit against defendants MSX International Business Services, Inc., and Ford Motor Company averring, among other claims, age discrimination and retaliation in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 623 and 626, and Ohio's age-discrimination laws, Ohio Rev.Code § 4112.02. Meadows claimed that the defendants discriminated against him by eliminating his employment position and failing to transfer him to open positions, and that they retaliated against him for filing a discrimination charge. The defendants moved for summary judgment, and the district court granted the motion. Meadows now appeals that order. We find no error and affirm.

Although Meadows attempted to establish direct evidence of age discrimination, the district court correctly found that the two off-hand comments that arguably could be taken to refer to the plaintiff's age were isolated and wholly unrelated to the decisions made with regard to his continued employment at MSX. Thus, the plaintiff must rely on circumstantial evidence, and the success of his case rises or falls on the establishment of a prima facie case of age discrimination.

■ "Where the employer eliminates an employee's position pursuant to a reduction in force or a reorganization, the em-

ployee establishes a prima facie case of age discrimination when he or she shows (1) that he or she was forty-two years old or older at the time of his or her dismissal; (2) that he or she was qualified for the position; (3) that he or she was discharged; and (4) 'additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons.'" *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998) (quoting *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1465 (6th Cir.1990)). Meadows clearly satisfies two elements of the prima facie test: hired by MSX when he was 59 years old, Meadows was 63 when his position as regional manager was eliminated. The district court determined, however, that Meadows was not qualified to serve as a regional manager and thus could not satisfy the second prong of the prima facie test.

■■■ To demonstrate that he was qualified, Meadows "must prove that he was performing his job 'at a level which met his employer's legitimate expectations.'" *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir.1990) (quoting *Huhn v. Koehring*, 718 F.2d 239, 243 (7th Cir.1983)). Furthermore, if Meadows "was not doing what his employer wanted him to do, he was not doing his job.... [Meadows] does not raise a material issue of fact on the question of the quality of his work merely by challenging the judgment of his supervisors.'" *Id.* (quoting *Kephart v. Institute of Gas Technology*, 630 F.2d 1217, 1223 (7th Cir.1980)).

The district court found that Meadows failed to establish that he had performed in a manner that met his employer's legitimate expectations. We agree with this conclusion. Ample evidence demonstrates that Meadows communicated poorly with his subordinates, supervisors, and clients.

Meadows's subordinates complained to his peers and supervisors about his management style and leadership capability, and MSX's customer, Ford, also questioned Meadows's leadership, vision, technical expertise, and completion of projects.

As for the allegation that the defendants wrongfully failed to transfer the plaintiff, Meadows identified only two open positions to which he requested a transfer, one at the Loraine facility and another at Walton Hills. He argues that the younger people who filled those openings were inexperienced and unqualified. This argument is, however, not relevant to the question of whether or not Meadows himself was qualified for these positions. As noted by the district court, Meadows did nothing to dispel the employer's assertion that the "critical needs" of the Walton Hills facility compelled the selection of someone with strong managerial skills and good customer relations. MSX determined that Meadows did not satisfy those qualifications based upon his past record. With respect to the Loraine facility opening, an MSX executive informed Meadows that, at the request of Ford, the Loraine facility position had been filled by an employee from a neighboring facility. Hence, the Loraine position was not "available," as required by the second prong.

■■■ With regard to the retaliation charge, the record indicates that the protected activity in this case, i.e., the filing of the EEOC charge, occurred *after* MSX refused to transfer Meadows. He was likewise notified of his impending termination prior to the EEOC filing. Obviously, there can be no causal connection drawn here, because the plaintiff admits that the employment decisions at issue had been made prior to the protected activity.

Finally, we find no abuse of discretion in the district court's decision to limit discovery. The files that Meadows sought were

largely irrelevant to his case and their unavailability did not substantially harm his position.

Having had the benefit of oral argument, and having studied the record on appeal and the briefs of the parties, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendants have been fully articulated by the district court, the issuance of a more detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court for the reasons set out above, as well as those set out by that court in its memorandum opinion and order filed January 26, 2000.