**Yvonne KOMEL, Plaintiff–Appellant,**

**v.**

**JEWEL COMPANIES, a New York corporation, Defendant–Appellee.**

No. 88–2920.

United States Court of Appeals, Seventh Circuit.

Argued March 28, 1989.

Decided May 10, 1989.

John M. Cannon, Northbrook, Ill., for plaintiff-appellant.

Henry Sledz, Jr., Kovar Nelson & Brittain, Chicago, Ill., for defendant-appellee.

Before CUDAHY and MANION, Circuit Judges, and HENLEY, Senior Circuit Judge.*

HENLEY, Senior Circuit Judge.

Yvonne Komel appeals the district court's order granting summary judgment in favor of her former employer, Jewel

* The Honorable J. Smith Henley, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Companies, on Komel's claim that Jewel terminated her in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634. We affirm.

In August 1984, at the age of fifty, Komel was hired as a Medical Review Nurse and was soon promoted to Medical Review Supervisor in which capacity she reviewed disability claims and supervised one nurse and one part-time clerical worker. In March 1986, at the age of fifty-one, Komel was terminated when her position was eliminated by being streamlined into a new Health Care Administrator position as part of a departmental restructuring. The major functions of the recently eliminated Medical Director position, formerly held by a doctor, also were streamlined into the new Health Care Administrator position. The external candidate ultimately selected by management to fill the new position was a thirty-two year old woman who had eight years of experience in clinical management and in program and project planning and who had completed all course work for her master in nursing degree with an emphasis on adult rehabilitation.

Komel filed suit claiming her termination was the result of age discrimination. After an extensive period of discovery, during which time numerous depositions were taken, Jewel moved for summary judgment, which was granted by the district court. In its memorandum opinion the district court noted that while the new position subsumed the duties of the Medical Review Supervisor, the two positions were not "substantially similar" because the new position involved a significant increase in the number and types of job duties. Furthermore, the court found that Komel's background did not meet the requisite qualifications for the new position. The district court concluded that Komel failed to present evidence raising a genuine issue of material fact that she had been terminated on the basis of age. Accordingly, the district court granted summary judgment in favor of Jewel. Komel appeals on the ground that the district court erred in concluding that there were no genuine issues of material fact.

■ Summary judgment is appropriate only when the pleadings and supplemental materials present no genuine issue of fact for the factfinder. *See Oxman v. WLS–TV,* 846 F.2d 448, 452 (7th Cir.1988). Nevertheless, summary judgment is appropriate when a plaintiff has been unable either to establish a prima facie case of discrimination, *id.* at 453, or to show that the employer's proffered reasons for the adverse act were pretextual. *Id.* at 456. To establish a prima facie case Komel must show that she was within the protected age group; that she was performing according to Jewel's legitimate expectations; that she was terminated; and that others not in the protected class were treated more favorably.[1] *Id.* at 455.

We hold that Komel has established a prima facie case. First, at fifty-one, she was within the protected class. 29 U.S.C. § 631 (1982 and Supp.1986). Second, Jewel agrees that Komel's job performance was satisfactory. Third, Komel was terminated. Last, the individual selected for the position, at thirty-two, was not within the protected class. *Id.* (setting the minimum age at forty years). The burden of production, therefore, shifted to Jewel to rebut Komel's prima facie case by articulating legitimate, non-discriminatory reasons for her termination. *See LaMontagne v. American Convenience Prod's.,* 750 F.2d 1405, 1409 (7th Cir.1984).

■ Jewel argues that it was concerned about having the services of a professional with greater medical experience since, with the elimination of the Medical Director's position, it would no longer have available the services of a doctor. Jewel's plan in the departmental restructuring was to hire a candidate with a master's degree and at least five years experience in clinical, rehabilitation, or occupational nursing, who

---

1. We note that while *Oxman* was a reduction-in-force case, its newly expounded test for establishing a prima facie case is applicable to this "departmental restructuring" case. *See Oxman,* 846 F.2d at 455–56, *overruling Matthews v. Allis-Chalmers,* 769 F.2d 1215 (7th Cir.1985) (requiring a plaintiff to produce some evidence of discrimination to establish a prima facie case).

could perform the major functions of both former positions, develop medical policies and programs, and supervise all ten employees of the medical review and disability staff. While a court must closely scrutinize ADEA suits for discriminatory intent, it does not "sit as a super-personnel department that reexamines an entity's business decisions." *Dale v. Chicago Tribune,* 797 F.2d 458, 464 (7th Cir.1986), *cert. denied,* 479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987). From all appearances from the record, we conclude that the decision to restructure the section was one of business judgment.

■ By articulating legitimate reasons for terminating Komel, Jewel succeeded in shifting the burden back to her to prove that Jewel's proffered reasons were pretextual. *LaMontagne,* 750 F.2d at 1409. To do this Komel must show that the new position of Health Care Administrator was substantially the same as the Medical Review Supervisor position, or that she was as qualified as the candidate who was hired for the new position.[2] *See Monroe v. United Airlines, Inc.,* 736 F.2d 394, 403 (7th Cir.1984), *cert. denied,* 470 U.S. 1004, 105 S.Ct. 1356, 84 L.Ed.2d 378; *Holder v. Old Ben Coal Co.,* 618 F.2d 1198, 1202 n. 5 (7th Cir.1980).

Komel argues that the positions of Medical Review Supervisor and Health Care Administrator are "substantially similar," and that any difference that there might be is insignificant. Nevertheless, as indicated above, the record shows that the duties of the new position were much greater than the duties of Komel's former position. For example, after her initial training period, the new Health Care Administrator had (1) implemented new blood drive programs, physical rehabilitation programs, and drug abuse programs; (2) computerized the disability system; and (3) administered a formal independent medical review program. This was all in addition to performing the former duties of the Medical Review Supervisor and the Medical Director, and supervising ten employees. We, therefore, hold that the two positions were not the same.

Komel next argues that her job performance was satisfactory and that she was as qualified as the successful candidate to perform the duties of the Health Care Administrator. Jewel does not dispute Komel's claim that she performed her duties of Medical Review Supervisor satisfactorily. Rather, it argues that Komel was given initial consideration for the new post but was rejected because she had neither a master's degree, nor sufficient clinical experience. Furthermore, Komel's managerial skills, while sufficient for the Medical Review Supervisor position, were thought suspect because she had previously failed to demonstrate initiative in organizing certain programs, such as the annual blood drive and the development of health awareness and prevention programs.

Komel asserts that Jewel's requirement of a master's degree is pretextual because the candidate who was offered the position did not have one when hired. This is disingenuous. As stated, the successful candidate had completed all her course work and she actually received her degree a few months after her start date.

■ Komel also argues that Jewel's master's degree requirement was unnecessary to the new position, since the Health Care Administrator in fact would not be required to perform the medical reviews previously handled by the Medical Director. Furthermore, Komel asserts that her affidavit submitted in resistance to Jewel's motion for summary judgment reflects that her managerial skills were adequate, and that she had satisfactorily implemented the blood drive and health awareness programs. We do not believe that Komel's general disagreement with Jewel's evaluation of her qualifications was sufficient to raise a genuine issue of fact. Certainly, an employee's denial of specific events which form the basis of the employer's evaluation

2. The district court employed these factors to determine if Komel had established a prima facie case. This is not technically correct since it would have the effect of placing a more stringent burden on a plaintiff to establish a prima facie case than what *Oxman* requires. Nevertheless, with respect to this case, the result is the same.

may be sufficient to create a genuine issue of fact. *See, e.g., Bienkowski v. American Airlines, Inc.,* 851 F.2d 1503, 1507 (5th Cir.1988) (genuine issue of fact created where employee's "affidavit contained a *detailed and specific refutation* of [the employer's] performance critique") (emphasis added); *Long v. First Family Fin. Servs., Inc.,* 677 F.Supp. 1226, 1232–33 (S.D.Ga. 1987) (summary judgment denied where plaintiff challenged specific facts which formed the basis of employer's poor performance evaluation). However, the fact that the employee takes issue in general terms with the employer's overall evaluation is not sufficient to create a triable issue on pretext. As we have recently stated, the employee's "own self-interested assertions [even where accompanied by the conclusory statements of a co-worker] concerning her abilities are not in themselves sufficient to raise a genuine issue of material fact." *Williams v. Williams Elec., Inc.,* 856 F.2d 920, 924–25 (7th Cir.1988); *see also Dale v. Chicago Tribune Co.,* 797 F.2d 458, 464–65 (7th Cir.1986) ("Dale must do more than challenge the judgment of his superiors through his own self-interested assertions. [The employee's] perception of himself ... is not relevant. It is the perception of the decision maker which is relevant.' ") (quoting *Smith v. Flax,* 618 F.2d 1062, 1067 (4th Cir.1980)), *cert. denied,* 479 U.S. 1066, 107 S.Ct. 954, 93 L.Ed.2d 1002 (1987); *Pfeifer v. Lever Bros. Co.,* 693 F.Supp. 358, 365–66 (D.Md.1987), *aff'd,* 850 F.2d 689 (4th Cir.1988) (per curiam, unpublished disposition); *Palucki v. Sears, Roebuck & Co.,* 687 F.Supp. 388, 391 (N.D.Ill. 1988). Therefore, we hold that Komel's affidavit, which states in conclusory terms that she was adequately qualified to assume the new Health Care Administrator position, was insufficient to withstand Jewel's motion for summary judgment.

Finally, we note that Komel's reliance on *Oxman* is misplaced. In *Oxman* the plaintiff was terminated by new management and was never considered for vacant positions despite being qualified for each opening. *Oxman,* 846 F.2d at 450–51. Here, Komel was considered, but was found unqualified. Furthermore, Komel does not allege, and the record does not indicate, that either Jewel's management or its philosophy with respect to older workers changed from the time she was hired at fifty to the time she was fired at fifty-one.

Komel was given an extensive period for discovery during which time she served interrogatories and requests for production of documents on Jewel, and deposed numerous current and former Jewel employees. Nevertheless, Komel was unable to come forward with enough evidence to establish the existence of the elements essential to her case. Therefore, we hold that Jewel was entitled to summary judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

Accordingly, the judgment is AFFIRMED.