Charlotte B. **PUPPEL**, Plaintiff,

v.

**ILLINOIS BENEDICTINE COLLEGE**, Defendant.

No. 89 C 2552.

United States District Court, N.D. Illinois, E.D.

March 1, 1990.

---

Ashley S. Rose, Ashley S. Rose, Ltd., Wheaton, Ill., for plaintiff.

Joan M. Eagle and Thomas Y. Mandler, Schwartz & Freeman, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

When defendant Illinois Benedictine College ("Illinois Benedictine") denied plaintiff Charlotte Puppel's request for tenure, Puppel filed this lawsuit pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634. Arguing that Puppel has failed to establish a prima facie case of age discrimination, Illinois Benedictine now moves for summary judgment. For the reasons stated herein, Illinois Benedictine's motion is denied.

■ The court may enter summary judgment only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). If the plaintiff is unable to establish a prima facie case of discrimination, then summary judgment is appropriate. *See Komel v. Jewel Cos.*, 874 F.2d 472, 473 (7th Cir.1989). But the aggrieved party need not show that age was the sole factor which motivated the employer's decision. *Oxman v. WLS–TV*, 846 F.2d 448, 452 (7th Cir.1988). It is sufficient to demonstrate through direct or circumstantial evidence that age was simply a "determining factor"—meaning that the employee would not have been denied tenure but for the employer's motive to discriminate on the basis of age. *Id.*

■ Contrary to Illinois Benedictine's position, Puppel has presented sufficient evidence to preclude summary judgment. In 1979, Puppel was hired by Illinois Benedictine to teach in its Music Department. Puppel applied for tenure in 1985, 1986, and again in 1988. Each request was denied. Shortly after Illinois Benedictine rejected her final request in 1988, she was terminated. Since Puppel was nearly sixty years old at that time, there is no question that she falls within the class of persons protected by the Age Discrimination in Employment Act. *See* 29 U.S.C. § 631 (the Act protects individuals between forty and seventy years of age). According to Puppel, Illinois Benedictine never openly displayed any dissatisfaction with her job performance. In fact, she received several favorable performance evaluations over the course of her employment. While Illinois Benedictine claims that "financial constraints" and "institutional needs" prevented it from granting Puppel's tenure request, it consistently provided support for continued growth and development in the Music Department. But more importantly, Illinois Benedictine's president, Dr. Richard C. Becker, made a direct reference to age when he explained the basis of the tenure decision to Puppel. In a letter dated March 25, 1988, Becker stated: "because of recent federal legislation that has eliminated a mandatory retirement age, institutional flexibility would be undesirably constrained and the granting of tenure in this instance is likely to foreclose a more appropriate appointment later." That bold admission bears directly on the existence of discriminatory intent. In light of the evidence presented by Puppel, summary judgment would be inappropriate.

Accordingly, the court denies defendant's motion for summary judgment.