In re ANR ADVANCE TRANSPORTA-
TION COMPANY, INC., Debtor.

No. 99–22155–JES.

United States Bankruptcy Court,
E.D. Wisconsin.

Aug. 28, 2002.

Leonard G. Leverson, Milwaukee, WI, for debtor.

Norman M. Abramson, Minneapolis, MN, James L. Adashek, Milwaukee, WI, Joseph F. Albrechta, Fremont, OH, Catherine E. Arostegui, Sacramento, CA, Ruth A. Batey, Chicago, IL, Jeff Robert Beam, Zanesville, OH, James R. Berendsen, Columbus, OH, Peter C. Blain, Milwaukee, WI, Morton R. Branzburg, Philadelphia, PA, Hugh R. Braun, Milwaukee, WI, Josephine Amato Burns, Washington, DC, Mark S. Carder, Kansas City, MO, David S. Chartier, Milwaukee, WI, David E. Christensen, Southfield, MI, Robert A. Coco, Des Plaines, IL, Gwendolyn G. Connolly, Milwaukee, WI, Edward Q. Costa, Decatur, IL, Vincent M. Debella, Utica, NY, John S. Delnero, Chicago, IL, Daryl L. Diesing, Milwaukee, WI, James L. Donohue, Rockford, IL, John E. Fitzgibbons, Denver, CO, John J. Franczyk, Jr., Rosemont, IL, Elizabeth M. Guffy, Houston, TX, Peter M. Hamilton, Denver, CO, Thomas J. Hart, Washington, DC, Keith A. Hebeisen, Chicago, IL, David M. Heimos, Clayton, MO, Andrew N. Herbach, Milwaukee, WI, Thomas J. Hilligoss, Kokomo, IN, Patrick B. Howell, Milwaukee, WI, Jeffrey F. Jaekels, Green Bay, WI, Justin J. Johl, Overland Park, KS, Thomas C. Johnson, Grand Rapids, MI, William J. Kaiser, Jasper, IN, Susan M. Knepel, Milwaukee, WI, R. Jeffrey Krill, Milwaukee, WI, Brina LaFlamme, Jefferson, City, MO, Michael J. Lawton, Madison, WI, Ross A. Leisman, Grand Rapids, MI, Michael J. McCarthy, Davenport, IA, Jason F. McGregor, Louisville, KY, Paul S. Medved, Milwaukee, WI, Michelle A. Mendez, Dallas, TX, Judith Greenstone Miller, Birmingham, MI, Michael J. Mills, Bloomfield Hills, MI, Sheryl L. Moreau, Jefferson City, MO, Charles R. Moyer, Blue Bell, PA, John R. Moynihan, Flint, MI, Lynne M. Mueller, Milwaukee, WI, Donald E. Notvik, St. Paul, MN, Philip R. O'Brien, Milwaukee, WI, Thomas J. O'Brien, Milwaukee, WI, Barbara J. Oyer, Lansing, MI, Frederick Perillo, Milwaukee, WI, Michael S. Polsky, Milwaukee, WI, Dennis E. Quaid, Chicago, IL, Mary Ann Rabin, Cleveland, OH, Diane G. Reed, Waxahachie, TX, Christopher L. Rexroat, Milwaukee, WI, John M. Roca, Toledo, OH, Daniel K. Ryan, Chicago, IL, Franklin A. Safrin, Indianapolis, IN, Patrick J. Schoen, Milwaukee, WI, for creditors.

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

Bruce A. Lanser, chapter 7 trustee in this case ("trustee"), filed a motion for

summary judgment seeking to disallow claim no. 2248 of Charles Coleman. Coleman is a former employee of the debtor, ANR Advance Transportation Company, Inc. He filed a proof of claim in the sum of $8,750,000 for unlawful termination of employment based upon his contention of discrimination and retaliation by the debtor. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Coleman began working for a company known as Advance Transportation Company in 1977 as a city truck driver delivering freight in and around the Chicago, Illinois area. In November of 1995, Advance Transportation Company merged with ANR Freight Systems, Inc., forming ANR Advance Transportation Company, Inc. (hereafter "debtor," "company," or "employer"). Coleman continued to work for the company until December 26, 1997, when he was terminated upon grounds of alleged dishonesty in connection with a work-related injury.

On or about July 29, 1997, Coleman injured his left shoulder at work. This resulted in some time lost from work. On or about October 13, 1997, Coleman, while at work, further aggravated his shoulder injury. He remained continuously absent from work until November 25, 1997, when he showed up for work and presented the company with a work-release slip obtained from his treating physician, Dr. Harvey L. Echols. The company directed Coleman to submit all of his medical records to substantiate his claim of a work-related injury and informed him that he would not be permitted to return to work until this information was first obtained. After numerous requests by the company, on December 16, 1997, Coleman finally provided Dr. Echols' complete treatment notes. These notes revealed that Coleman was not seen or treated by Dr. Echols until November 21, 1997—which was several weeks after Coleman first reported to Thomas J. Madigan, the company terminal manager, that he was being treated by Dr. Echols. As a result of this discrepancy, Coleman's employment was terminated on December 26, 1997.

Coleman, who is African–American, claims that he was terminated as a result of race discrimination under Title VII of the Civil Rights Act of 1964 and disability discrimination under the Americans With Disabilities Act ("ADA"). He also asserted that the company fired him in retaliation for his previous actions in filing a complaint in 1990 with the Equal Employment Opportunity Commission ("EEOC").

The debtor disputed Coleman's allegations as to its reasons for his termination. In its letter of discharge to Coleman dated December 26, 1997, the debtor specifically set forth that its grounds for termination were based upon Coleman's dishonesty. The debtor contended that Coleman had repeatedly told company officials that he was being treated by Dr. Echols, but in fact, the records showed that he was not seen by Dr. Echols until November 21, 1997—four days before Coleman presented his work-release slip. The debtor further stated that this misrepresentation, together with Coleman's failure to cooperate in promptly providing his medical records, caused it to conclude that Coleman had been dishonest resulting in his termination from employment. The debtor denied that race discrimination, disability discrimination, or retaliation played any part in its decision to terminate Coleman's employment.

In November of 1998, Coleman filed a civil lawsuit, No. 98–C–7599, in the United States District Court for the Northern District of Illinois, Eastern District, against the debtor and against Coastal

Corporation.[1] This civil suit was filed before the debtor's bankruptcy. The involuntary petition in bankruptcy against the debtor was filed on February 2, 1999 by certain creditors in the United States Bankruptcy Court in Delaware. On March 3, 1999, the Delaware bankruptcy court entered an order for relief under chapter 7 and ordered venue of this case to be transferred to the United States Bankruptcy Court for the Eastern District of Wisconsin, where it is now pending.

■ Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is appropriate where the pleadings and affidavits establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986).

The policy of the summary judgment procedure is to dispose of factually unsupported claims or defenses, to serve judicial economy, and to avoid unnecessary litigation. *Cloutier v. U.S.*, 19 Cl.Ct. 326 (1990); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Rule 56(e) of the Federal Rules of Civil Procedure states, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the

adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

■ Unquestionably, there is bad blood between Coleman and his former employer which has existed over a long period of time. Coleman's employment with the company was terminated on at least seven different occasions before this latest termination on December 26, 1997. The circumstances as to his reinstatement after each of the prior terminations are absent from the record. In any event, Coleman insists that the real reason for his latest termination on December 26, 1997 was discrimination and retaliation. Coleman, however, failed to provide any affidavits or other documents to support these allegations. The trustee, on the other hand, provided persuasive affidavits—in particular, that of Thomas J. Madigan, the former terminal manager for the debtor at the Bedford Park, Illinois terminal where Coleman had been working—which refute the allegations contained in Coleman's proof of claim. Coleman only presents mere suspicions, and mere suspicions are not sufficient to withstand a motion for summary judgment. As noted in *In re Hensley*, 201 B.R. 494, 499 (Bankr.S.D.Ohio 1996):

> In short, a movant may challenge the opposing party to "put up or shut up" on a critical issue, and if after being afforded a sufficient time for discovery the respondent does not "put up," summary judgment is proper.

---

1. Coastal Corporation is the holding company of ANR Freight Systems, Inc., which had merged with Advance Transportation Company in November of 1995. Coastal Corporation was joined as a defendant under a theory of successor interest. Eventually, Coastal

Corporation was dismissed from this lawsuit on its motion for summary judgment. Because of the automatic stay under 11 U.S.C. § 362 upon the filing of the involuntary bankruptcy petition, Coleman has not pursued the civil suit against the debtor.

Coleman has failed to "put up" any response to the trustee's summary judgment motion, by affidavit or otherwise, and failed to create a triable issue of fact.

Recently, the Seventh Circuit in *Salvadori v. Franklin School Dist.*, 293 F.3d 989, 996 (7th Cir.2002) declared:

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.... The mere existence of an alleged factual dispute is not sufficient to defeat the summary judgment motion. To successfully oppose the motion, the non-movant must present definite, competent evidence in rebuttal.

In *Komel v. Jewel Cos.*, 874 F.2d 472, 473 (7th Cir.1989), and *Dale v. Chicago Tribune Co.*, 797 F.2d 458, 464–65 (7th Cir.1986), the Seventh Circuit proclaimed that, in a federal discrimination case, a defendant is entitled to summary judgment where the plaintiff fails to establish a prima facie case of discrimination. The plaintiff must present specific facts to refute an employer's explanation for terminating the plaintiff's employment. *Komel*, 874 F.2d at 473.

■ Disability discrimination requires a showing (1) of disability within the meaning of the ADA, (2) that claimant is qualified to perform the essential functions of the job (with or without a reasonable accommodation), and (3) that claimant suffered an adverse employment action because of such disability. *Moore v. J.B. Hunt Transport*, 221 F.3d 944, 950 (7th Cir.2000); *Byrne v. Board of Educ.*, 979 F.2d 560, 563 (7th Cir.1992).

■ Racial discrimination requires that claimant present direct evidence of such discrimination or, in the alternative, show that (1) he belongs to a protected class, (2) performed his job satisfactorily, (3) suffered an adverse employment action, and (4) his employer treats similarly situated employees outside of his protected class more favorably. *Contreras v. Suncast Corp.*, 237 F.3d 756, 759 (7th Cir.2001), citing *Stockett v. Muncie Indiana Transit System*, 221 F.3d 997, 1000–01 (7th Cir. 2000).

Coleman failed to present specific facts of disability or racial discrimination. Coleman's allegations of retaliation are based solely upon his claim that his discharge was due to a complaint he filed with the EEOC in 1990, which occurred more than seven years before his last termination. The Seventh Circuit recently found in *Franzoni v. Hartmarx Corp.*, 300 F.3d 767 (7th Cir.2002), that a 6 month gap in time was too long of a period to establish a causal link of retaliation.

Although Coleman appears *pro se*, he is no stranger to the litigation process. He participated in numerous proceedings in the course of this case and has also appeared as a litigant in other forums. Attorneys and laymen must abide by deadlines fixed by a court. Here, the court, in its scheduling order dated April 16, 2002, specified that a response to a summary judgment motion must be filed within 30 days from the date of service of such summary judgment motion.

The trustee furnished verification that, on July 6, 2002, Coleman received the trustee's motion for summary judgment together with the supporting affidavits, brief, and proposed findings of fact. Coleman was required to file his response by August 5, 2002. On August 22, 2002, Coleman filed with the court certain documents labeled "Answer to Trustee's Motion for Summery [sic] Judgment" and "Motion for Voluntary Withdrawal Dissmisal [sic]." If

these documents are intended by Coleman to be construed as Coleman's response to the summary judgment motion, they are untimely—having been filed 17 days past the deadline set by this court—and are stricken from the record.

The Seventh Circuit in *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir.1996), declared:

> ... being a *pro se* litigant does not give a party unbridled license to disregard clearly communicated court orders. It does not give the *pro se* litigant the discretion to choose which of the court's rules and orders it will follow, and which it will wilfully disregard. "Although civil litigants who represent themselves (*'pro se'*) benefit from various procedural protections not otherwise afforded to the attorney-represented litigant ... *pro se* litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines." *Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir.1994).

Furthermore, nothing in Coleman's documents, untimely filed on August 22, 2002, contain any specific facts showing that there is a genuine issue for a trial. Coleman's failure to respond to the trustee's motion for summary judgment by affidavits or as otherwise provided in Rule 56(e) of the Federal Rules of Civil Procedure, and his reliance solely upon his own conclusory statements and self-serving assertions contained in his proof of claim, are insufficient to withstand the trustee's summary judgment motion. *See Hall v. Bodine Elec.,* 276 F.3d 345, 354 (7th Cir.2002) ("It is well settled that conclusory allegations .... without support in the record, do not create a triable issue of fact.") The court is satisfied, based upon the current record, that Coleman's termination was not prompted by any discrimination or re-taliation. Instead, Coleman's termination was based upon the company's well-founded belief of Coleman's dishonesty in connection with his work-related injury.

■ Whether Coleman was in fact dishonest is not the critical issue. The relevant question here is whether the company formed a legitimate belief that Coleman was dishonest which, in turn, caused his discharge, even if the company's belief may have been inaccurate. In *Flores v. Preferred Technical Group,* 182 F.3d 512, 516 (7th Cir.1999), the court stated that an employer need only supply an honest reason, not necessary a reasonable one, for termination. There is ample evidence in the record of this case to support the company's belief of Coleman's dishonesty which led to his discharge. There is also a lack of evidence to support a conclusion that the company was attempting to manufacture an excuse to fire him. *See Franzoni v. Hartmarx Corp.,* 300 F.3d 767 (7th Cir.2002) ("... pretext requires more than a showing that the business decision was 'mistaken, ill considered, or foolish,' ... so long as the employer 'honestly believed' the reason given for the action, pretext has not been shown.")

The court concludes that the trustee's motion for summary judgment is appropriate and is **GRANTED**.